# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS C. SHRADER,<br><br>        Petitioner,<br><br>  v.<br><br>B. WATSON, Acting Warden,<br><br>        Respondent. | Case No. 1:17-cv-00685-DAD-SKO HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR LACK OF JURISDICTION |

### Screening Memorandum

Petitioner Thomas C. Shrader is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 20 U.S.C. § 2241. Petitioner alleges that the duration of his sentence is excessive.

### I.    Screening Requirement

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable

1

claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

## II. **Procedural and Factual Background**

In 2010, following two separate trials in the Southern District of West Virginia, Petitioner was convicted two counts of stalking his victims, D.S. and R.S., through a facility of interstate commerce (18 U.S.C. § 2261A(2)), and one count of being a felon in possession of a firearm ((18 U.S.C. § 2261A(2)). *See United States v. Shrader*, 675 F.3d 300 (2012) (affirming the conviction and sentence on direct appeal). Applying Petitioner's prior convictions (two counts of murder , one count of wounding, and one count of escape), the court sentenced Petitioner as an armed career criminal to the upper limit of 235 months in prison followed by five years of supervised release.

In its opinion, the Fourth Circuit detailed the over-three-decades-long history of Petitioner's obsession with his victim, which need not be repeated here. For purposes of context only, it is sufficient to note that beginning in approximately 1972, Petitioner and D.S., had a brief romantic relationship while attending high school in West Virginia. In 1975, sometime after the end of their relationship, in an apparent attempt to abduct D.S., Petitioner shot and killed D.S.'s mother and a family friend who were present in their home, and wounded a neighbor. Following his conviction of those crimes, Petitioner harassed D.S. during his term of imprisonment, and at one point, escaped custody and surreptitiously watched D.S. D.S. and her husband, R.S., eventually left West Virginia and relocated to escape Petitioner's attention.

Petitioner was paroled in 1993 and released from parole in 1999. In 2008, after locating D.S., Petitioner pursued her through unwanted telephone calls and written communications that placed D.S. and R.S. in fear for their own lives as well as their children's lives.

In addition to the direct appeal of his conviction, Petitioner filed a § 2255 motion in the U.S. District Court for the Southern District of West Virginia. *See Schrader v. United States*, 2016 WL 299036 (S.D.W.Va. January 25, 2016) (No. 1:13-cv-33098), *dismissed,* 668 Fed. Appx. 494 (Mem.)

2

(4th Cir. 2016), *cert. denied*, 2017 WL 844044 (April 3, 2017) (No. 16-8151). *Schrader v. United States*, 2013 WL 4520013 (S.D.W.Va. Aug. 27, 2013) (No. 1:13-cv-09386).  A second § 2255 motion, addressing the possible application to Petitioner's sentence of *Johnson v. United States*, 135 S.Ct. 2551 (2015), is presently pending in West Virginia.  *Schrader v. United States* (S.D.W.Va. No. 1:16-cv-05559).  Petitioner has filed at least five previous § 2241 petitions, including *Schrader v. Ives* (C.D.Cal. 2:13-cv-01573-PSG-DTB), presenting multiple grounds for relief including the sentencing claim, and four petitions alleging the substantially same sentencing claim as the above captioned petition: *Shrader v. Zuniga*, 2015 WL 1567201 (E.D.Cal. Mar. 25, 2015) (No. 1:15-cv-00439-MJS HC); *Shrader v. Gill*, 2014 WL 7336218 (E.D.Cal. Dec. 22, 2014) (No. 1:14-cv-01269-LJO-MJS HC); *Schrader v. West Virginia* (S.D.W.Va. No. 1:14-cv-25344); and *Schrader v. United States* (S.D.W.Va. No. 1:13-cv-09386).  Petitioner also filed a state habeas petition seeking to set aside his 1975 convictions as error.  *Shrader v. West Virginia* (W.Va. May 17, 2013)(No. 12-0982) (www.courtswv.gov/supreme-court/memo-decisions/spring2013/12-0982memo.pdf (accessed May 24, 2017)).

### III.     No § 2241 Jurisdiction For Sentencing Claims

The exclusive means by which a federal prisoner may challenge the validity or constitutionality of his conviction or sentence is by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003); *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988).  In such cases, only the sentencing court has jurisdiction.  *Id.* at 1163.  A prisoner may not collaterally attack a federal conviction or sentence by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000); *Tripati*, 843 F.2d at 1162.  "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of the sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez*, 204 F.3d at 865.  Because Petitioner in this case

3

challenges the validity and constitutionality of his sentence, the appropriate procedure is to file a § 2255 motion in the court of conviction, not a § 2241 petition in this Court.

A narrow exception, referred to as the "savings clause," or "escape hatch," permits a federal prisoner authorized to seek relief under § 2255 to file a § 2241 habeas petition if the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011). The Petitioner bears the burden of proving that the remedy is inadequate or ineffective. *Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963). The remedy available under § 2255 "is not 'inadequate or ineffective' merely because § 2255's gatekeeping provisions prevent the petitioner from filing a second or successive petition." *Ivy*, 328 F.3d at 1059. Because Petitioner previously sought to set aside his conviction in a § 2255 motion, he may not bring a second or successive § 2255 motion without first obtaining authorization from the Fourth Circuit Court of Appeals, as required by 28 U.S.C. § 2244(b)(2) and (3). *See Schrader*, 2016 WL 299036.

In the alternative, "a § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006). Petitioner contends he is entitled to proceed under the escape hatch. The undersigned disagrees.

First, Petitioner contends that because he did not raise the sentencing issue in his § 2255 motion and is barred from pursuing it in a second or successive § 2255 motion, he has not had an unobstructed procedural shot at presenting his claim. The Ninth Circuit bars petitioners from bringing § 2241 petitions in such situations: "[I]t is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion." *Ivy*, 328 F.3d at 1060. The court emphasized although Ivy's claim had been available to him from the day he was indicted and could have been raised at any time prior to trial, during trial, on direct appeal, or as an actual innocence claim in his initial § 2255

4

motion, Ivy had not previously done so. *Id.* As a result, Ivy had not been denied the opportunity to present the claim, and the fact that he was procedurally barred from raising it did not render the § 2255 remedy inadequate or ineffective. *Id.* Similarly, Petitioner could have presented the claim in the district court following his sentencing, in the direct appeal (*Shrader*, 675 F.3d 300), or in the initial § 2255 motion cited above, but did not do so. That he is barred from raising it in a second or successive § 2255 motion does not render the remedy inadequate or ineffective. *Ivy*, 328 F.3d at 1060.

Further, Petitioner does not raise a legitimate claim of actual innocence. In the Ninth Circuit, a claim of actual innocence for purposes of the escape hatch of § 2255 is evaluated under the standard set forth in *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotation marks omitted): "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Petitioner alleges no basis by which a reasonable jury could conclude that Petitioner was factually innocent. His sole argument is that his sentence was determined improperly because the trial court erred in applying his prior convictions as aggravating factors.

In sum, Petitioner fails to allege a basis by which this Court could assume jurisdiction of his sentencing claims, and the petition must be dismissed.

### III. **Certificate of Appealability**

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

    (B) the final order in a proceeding under section 2255.

  (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

  (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that it lacks jurisdiction over the above-captioned § 2241 petition to be debatable or wrong, or conclude that the issues presented required further adjudication. Accordingly, the Court declines to issue a certificate of appealability.

### IV.   <u>Conclusion and Recommendation</u>

The undersigned recommends that the Court dismiss the Petition for writ of habeas corpus for lack of jurisdiction and decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days**

after being served with these Findings and Recommendations, Petitioner may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **June 12, 2017**                         /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE